No. 731

KEVENEY v. STATE.

Ohio Appeals, Henry County
No. 124. March 19, 1923.

This opinion has not been published except in Abstract.

129—CRIMINAL LAW.

Error—In exclusion of evidence, how may be cured in criminal cases, by subsequent testimony.

Reversal—A second time—11577 GC. applies to civil cases on weight of evidence permitted.

RICHARDS, J.

Epitomized Opinion

Keveney was convicted of stealing paint from a paint car. On error proceedings in the Appeals Court the conviction was reversed on the ground that the judgment was against the weight of the evidence. A second trial resulted likewise in a conviction. Error is now prosecuted a second time.

In the trial a witness was called on behalf of Keveney and on cross-examination when asked if he were not under indictment answered affimatively. He was then asked if it were not for obtaining from Keveney porperty stolen from the railroad. This question, over Keveney's objection, was answered in the affirmative. This was error for it involved the inference that Keveney was guilty of larceny. But later Keveney took the stand and on cross-examination admitted that he was under four indictments in another county. This cured the error which could now no longer be prejudicial.

Counsel for State argue that this court cannot reverse the judgment on the weight of the evidence a second time. 11577 GC. which so provides applies to civil cases, and has no reference to criminal proceedings. Judgment affirmed.

Attorneys—Denham, Kirkbride, Wilson & McCabe and D. D. Donovan, for Keveney; J. J. Vanbroek and W. W. Campbell, for State.

---

No. 732

STATE v. RITZLER

Ohio Appeals, Seneca County
No. 124. Feb. 8, 1923

This opinion has not been published except in Abstract.

129. CRIMINAL LAW.

"Complaint" in 13049 GC. includes Probate Court—Affidavit may be supplied by Prosecuting Attorney.

CROW, J.

Epitomized Opinion

Defendants were prosecuted in the probate court for giving a moving picture exhibition on Sunday in violation of 13049 GC. On error the Common Pleas held that the Probate Court did not have jurisdiction of the prosecution for the reason that 13059 GC. provides that the prosecution shall be "on complaint" and that the word "complaint" compels the prosecution before one of the courts named in 13423 GC., namely a justice of the peace, police judge or mayor.

The State brought error proceedings to the Appeals Court. The defendants contended that if the Probate Court had jurisdiction the prosecution was invalid because the prosecuting attorney himself verified the affidavit. 13443 GC. provides that the prosecuting attorney may file an information in the probate court "upon the proper affidavits being filed therein." Held:

1. The word "complaint" in 13049 GC. is generic and is used to designate an accusation before a justice, police judge or mayor, an information in the Probate Court, or an indictment in the Common Pleas. The Probate Court had jurisdiction in this case.

2. The Prosecuting Attorney may himself supply the affidavit required in 13442 GC.

HUGHES, J. (dissenting),

The requirement of "proper affidvits" in 13443 GC. is not satisfied by an affidavit of the prosecuting attorney.

Attorneys—John L. Lott and Charles E. Derr, for State; Frank T. Dore, Niles & Peters and R. L. DeRan, contra.